UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


ROBERT VINCENT VEGA, JR.,                No. 2:09-cv-00574-MCE-KJM

          Plaintiff,

     v.                                  MEMORANDUM AND ORDER

COUNTY OF YOLO, E.G. PRIETO,
SHERIFF OF YOLO COUNTY, and
DOES 1 to 100,

          Defendant.

                    ----oo0oo----

     Through the present lawsuit, Plaintiff Robert Vega ("Plaintiff") seeks redress, pursuant to 42 U.S.C. § 1983, for alleged violations of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.  Named Defendants include Yolo County and Sheriff E.G. Prieto, in his capacity as Yolo County Sheriff ("Defendants").  Plaintiff claims, among other alleged federal constitutional violations, that Defendants followed an informal policy that constitutes deliberate indifference to the medical needs of inmates at the county jail.  Plaintiff also asserts several pendent state law claims.

1

1    Defendants have brought this Motion to Dismiss pursuant to

2    Federal Rule of Civil Procedure 12(b)(6) on grounds that the

3    sovereign immunity granted by the Eleventh Amendment to the

4    United States Constitution shields Sheriff Prieto from liability

5    because he should be considered a state, as opposed to county,

6    actor.  Defendant Yolo County, in turn, argues that it cannot be

7    derivatively liable for Sheriff Prieto's actions if he was not

8    acting on the County's behalf with respect to the allegations

9    leveled by Plaintiff in this lawsuit.  Defendants also move to

10   dismiss the state law claims on the ground that they are barred

11   by the relevant statute of limitations contained within

12   California Government Code § 911.2.

13   Plaintiff concedes that the state law claims are time-

14   barred, but argues that he has stated a viable § 1983 claim

15   because a sheriff acts for the county, not the state, in

16   overseeing the county jail.  Plaintiff consequently contends that

17   neither Yolo County nor Sheriff Prieto are protected by the

18   Eleventh Amendment's sovereign immunity.  For the reasons set

19   forth below, this motion is granted as to the pendent state law

20   claims, but denied as to Plaintiff's § 1983 claims, as set forth

21   in the First, Second, Fourth and Seventh Causes of Action.[1]

22   ///

23   ///

24   ///

25   ///

26

27         [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

2

1

2

## BACKGROUND

3      According to his Complaint, on or about October 31, 2007,

4   Plaintiff, who was then incarcerated at the Yolo County Jail, was

5   beaten by other inmates.  After learning of the incident and upon

6   hearing reports that Plaintiff had sustained "significant

7   injuries," deputies of Defendant Sheriff E.G. Prieto

8   ("Defendant") isolated Plaintiff from the other inmates.  When

9   Plaintiff complained of increasing pain, Defendant's deputies

10  instructed Plaintiff to fill out a pink slip, apparently for

11  purposes of obtaining medical care.  Several hours later the

12  deputies did give Plaintiff a blank pink slip, but told him to

13  wait until the morning pill call before proceeding further.

14  Plaintiff continued to complain about his worsening condition,

15  but did not receive any medical treatment until the following

16  morning, when deputies found him nearly unconscious, having

17  vomited and lost bladder control.  Plaintiff was transported to

18  the intensive care unit of Davis Medical Center, where doctors

19  determined that he had a ruptured spleen and surgically removed

20  the ruptured organ.

21

22                                 STANDARD

23

24      On a motion to dismiss for failure to state a claim under

25  Rule 12(b)(6), all allegations of material fact must be accepted

26  as true and construed in the light most favorable to the

27  nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

28  337-38 (9th Cir. 1996).

3

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

**ANALYSIS**

Under 42 U.S.C. § 1983, an individual may sue "[e]very person who, under color of [law] subjects" him "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  In order to be subject to suit under § 1983, however, the alleged offender must be a "person" acting under color of state law.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 60 (1989).

States do not qualify as "person[s]" for § 1983 purposes because the Eleventh Amendment affords them sovereign immunity. <u>Id</u>. at 71. By contrast, local governments, including counties, qualify as "person[s]" within the meaning of § 1983. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690 (1978).

The Supreme Court established the framework for determining whether an official acts for the state or county for § 1983 purposes in <u>McMillian v. Monroe County</u>, 520 U.S. 781 (1997). As an initial matter, a court must "ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." <u>Id</u>. at 785 (citing <u>Jett v. Dallas Independent School Dist.</u>, 491, U.S. 701, 737 (1989)). More importantly, if the court answers the first question in the affirmative, it must then examine "the actual function of [the] governmental official, in a particular area" based on "the definition of the official's functions under relevant state law." <u>Id</u>. at 786. Although this inquiry requires an examination of the "state's constitution, statutes and case law," <u>Brewster v. Shasta County</u>, 275 F.3d 803, 806 (9th Cir. 2001), it is ultimately a question of federal law. <u>See</u> <u>Weiner v. San Diego County</u>, 210 F.3d 1025, 1029 (9th Cir. 2000).

Since the parties do not contest that Sheriff Prieto exercises final policymaking authority regarding the provision of medical services at the county jail, the determinative question before the court is whether Sheriff Prieto acts for the county or the state in adopting and implementing such policies.

///

///

As set forth below, binding circuit precedent compels the
conclusion that Sheriff Prieto acts for the county in setting
policy regarding the provision of medical services at the county
jail.  Accordingly, the Eleventh Amendment does not immunize
Sheriff Prieto from liability in this action.

The Ninth Circuit has twice applied the principles
articulated in McMillian to the management of county jails by
California sheriffs, and in each of these cases it held that the
sheriffs are county (not state) actors under § 1983.  See Streit
v. County of Los Angeles, 236 F.3d 552, 561 (9th Cir. 2001) (the
sheriff acts on behalf of the county in "the oversight and
management of the local jail"); Cortez v. County of Los Angeles,
294 F.3d 1186, 1189 (9th Cir. 2002) ("We ... hold that the County
is subject to § 1983 liability for the Sheriff's actions taken
here pursuant to his role as administrator of the county jail.").
In Streit and Cortez, the Ninth Circuit found two discrepancies
between the legal status of California sheriffs and the Alabama
sheriffs in McMillian particularly salient in reaching its
holdings.  First, the Ninth Circuit observed in Cortez that
California *counties* exercise ultimate control over the management
of local jails by sheriffs, as opposed to the circumstances
confronted by the Supreme Court in McMillian, where the *State* of
Alabama exercised final authority over the law-enforcement duties
of its sheriffs.  See Cortez, 294 F.3d at 1190.  Second, in
Streit the Ninth Circuit emphasized that in contrast to Alabama
law, which provides that the *state* is liable for § 1983 judgments
against sheriffs, California law requires *counties* to indemnify
sheriffs for their constitutional torts.  236 F.3d at 562.

6

1  Since under current California law counties still have final

2  control over the management of county jails, see Cal. Gov. Code

3  § 23013 (authorizing counties to transfer control of the local

4  jail from the sheriff to a department of corrections), and remain

5  liable for § 1983 judgments against the county sheriff, see Cal.

6  Gov. Code § 815.2, the Ninth Circuit's application of McMillian

7  in Streit and Cortez requires this court to conclude that the

8  Sheriff acted on behalf of the County in this case, and may

9  therefore be sued under § 1983.

10      Defendants rely almost entirely on the California Supreme

11  Court's decision in Venegas v. County of Los Angeles, 32 Cal. 4th

12  820 (2004) in urging this court to reach a contrary result.  In

13  Venegas, the court held that a county sheriff sued under § 1983

14  for unreasonable search and seizure is a state actor entitled to

15  Eleventh Amendment sovereign immunity.  32 Cal. 4th at 828; see

16  also, Bougere v. County of Los Angeles, 141 Cal. App. 4th 237,

17  246-48 (2006) (holding that a sheriff acts for the state when

18  placing inmates within the jail to ensure safety).  Defendant

19  contends that this court should not apply existing Ninth Circuit

20  precedent, but rather predict how the Ninth Circuit is likely to

21  rule post-Venegas.  Moreover, after re-framing the pertinent

22  inquiry in this way, Defendant conjectures that the Ninth Circuit

23  will most likely overrule Cortez and Streit in light of Venegas.

24  This theory is untenable for at least two reasons.

25  ///

26  ///

27  ///

28  ///

7

1     First, federal case law governs the issue of whether the

2  sheriff is a state or county actor under § 1983.  As the Ninth

3  Circuit has explained, federal courts may look to state case law

4  to the extent that it is persuasive, but need not "blindly accept

5  its balancing of the different provisions of state law in

6  determining liability under § 1983."  Weiner v. San Diego County,

7  210 F.3d at 1029.  When confronted with a conflict between state

8  decisions and its own precedents, the Ninth Circuit has made it

9  pellucidly clear that its own cases are controlling because

10  "section 1983 ... questions implicate federal, not state, law."

11  Streit, 236 F.3d at 564.  Indeed, in both Streit and Cortez, the

12  Ninth Circuit squarely rejected arguments that it should defer to

13  a California appellate court's ruling in County of Los Angeles v.

14  Superior Court (Peters), 68 Cal. App. 4th 1166 (1998) in deciding

15  whether sheriffs are state or county actors.  Id. at 564; Cortez,

16  294 F.3d at 1191 (citing Brewster v. Shasta County, 275 F.3d 803,

17  811 (9th Cir. 2001) ("We are not bound by the determination of

18  the California Court of Appeal in Peters that sheriffs are state

19  actors.")).  Significantly, analogous post-Venegas district court

20  decisions have refused to adopt arguments that closely resemble

21  the contention proffered by Defendants on this motion, instead

22  deferring to the applicable Ninth Circuit precedents.  See, e.g.,

23  Smith v. County of Los Angeles, 535 F. Supp. 2d 1033, 37, fn. 1

24  (C.D. Cal. 2008) ("administering medical care to inmate-patients

25  already in custody 'involve[s] jail oversight and management, not

26  law enforcement.'" (quoting Clemmons v. City of Long Beach, No.

27  CV 05-05525, 2006 WL 4599674, at *5 (C.D. Cal. 2006)));

28  ///

1 <u>Miller v. Butte County</u>, 2008 U.S. Dist. LEXIS 84648, *13 (E.D.

2 Cal. 2008) (sheriff is a county actor in § 1983 suit for

3 withholding medical care from an inmate).

4     Second, even if <u>Venegas</u> were binding authority, it is

5 inapplicable to the present case.  <u>Venegas</u> held that the sheriff

6 acts on behalf of the state "while performing state law

7 enforcement duties such as investigating possible criminal

8 activity."  32 Cal. 4th at 839.  Because <u>Venegas</u> involved an

9 unreasonable search and seizure claim, which arose during the

10 sheriff's performance of a core law-enforcement function, it is

11 wholly dissimilar to the instant case both in its facts and in

12 the principle for which it stands.

13

14                          **CONCLUSION**

15

16     For the reasons stated above, Defendant's Motion to Dismiss

17 is DENIED, except as to the Third, Sixth and Eighth Causes of

18 Action.  Defendants' request that those claims be dismissed was

19 unopposed and is accordingly GRANTED.

20     IT IS SO ORDERED.

21 Dated: July 7, 2009

22

23

24     MORRISON C. ENGLAND, JR.

    UNITED STATES DISTRICT JUDGE

25

26

27

28

9