UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT VINCENT VEGA, JR, | No. 2:09-cv-00574-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| COUNTY OF YOLO, E.G. PRIETO, Sheriff of YOLO COUNTY, in his capacity as Sheriff for the COUNTY OF YOLO, and DOES 1 to 10, inclusive, | |
| Defendants. | |

Through the present lawsuit, Plaintiff Robert Vega ("Plaintiff") seeks redress, pursuant to 42 U.S.C. § 1983, for alleged violations of his right to be free from cruel and usual punishment as guaranteed by the Eighth Amendment to the United States Constitution.  Named Defendants include Yolo County and Sheriff E.G. Prieto, in his official capacity as Yolo County Sheriff.  Plaintiff now moves to amend his complaint to substitute seven correctional officers in the place of fictitious defendants identified in Plaintiff's original pleading.

///

1

As set forth below, because Plaintiff has failed to demonstrate the requisite good cause for not moving to substitute those defendants earlier, his Motion will be denied.

**BACKGROUND**

Plaintiff filed this lawsuit on February 27, 2009. Plaintiff alleges that despite knowledge of his serious medical condition, personnel at the Yolo County Jail failed to provide treatment, and that as a result, Plaintiff sustained a life-threatening rupture of the spleen and required emergency surgery. Through the First Cause of Action, directed to Defendant Prieto in his official capacity, Plaintiff seeks to recover compensatory damages and attorney's fees by alleging cruel and unusual punishment in contravention of the Eighth Amendment to the United States Constitution as enumerated above.  Plaintiff also alleges, by way of his Second Cause of Action, that both Defendant Prieto and the County of Yolo acted in deliberate indifference by failing to prevent deputies from engaging in ongoing constitutional violations and practices.  The Fourth and Seventh Causes of Action also hinge on allegations of Eighth Amendment deliberate indifference through allegations of failure to provide adequate medical care and through allegations that the County and Prieto were responsible for negligent training/supervision and/or retention of officers in violation of 42 U.S.C. § 1983.[1]

---

[1] Plaintiff's Third, Sixth and Eighth Causes of Action were previously dismissed by the Memorandum and Order filed July 8, 2009.  Plaintiff's Complaint contained no Fifth Cause of Action.

2

1      On November 4, 2009, the Court issued its Pretrial
2 Scheduling Order ("PTSO") in this matter.  The PTSO clearly
3 provided that service of process was complete as of the date of
4 the Order, and further stated that no further service, joinder or
5 amendments would be permitted without leave of court, good cause
6 having been shown.  PTSO, ECF No. 25, ¶¶ I, II.  The PTSO further
7 provided that all discovery was to be completed by July 29, 2009.
8 Id. at ¶ IV.
9      On or about December 30, 2009, Defendants provided the
10 Plaintiff with Rule 26[2] disclosures, which listed the officers
11 involved in the circumstances surrounding Plaintiff's allegedly
12 unconstitutional care.  See Decl. of Amie McTavish, ¶ 2.
13 Plaintiff informally requested the documents identified in those
14 disclosures in May of 2010, and in July of 2010, those documents,
15 which included shift logs for the time period that is at isuue in
16 this lawsuit, were provided.  Id. at ¶ 4.
17      According to Defendants, Plaintiff did not serve any formal
18 discovery until May 20, 2011, almost a year after the Rule 26
19 materials were furnished, when Plaintiff noticed the depositions
20 of the correctional officers identified therein.  Id. at ¶ 6.
21 That was only some two months before the close of discovery on
22 July 29, 2011, and the implicated officers were apparently
23 deposed in mid-July, just a couple of weeks prior to the
24 discovery deadline.
25 ///
26 ///

---

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

Then, Plaintiff waited almost another three months before filing, on October 4, 2011 the instant motion to amend his complaint to add additional named correctional officers.

**STANDARD**

Although Plaintiff's Motion cites to Federal Rule of Civil Procedure 15(a) as constituting the standard upon which to measure his request to amend the instant complaint, such reliance is incorrect. Once a district court has filed a pretrial scheduling order pursuant to Rule 16, as it did here on November 11, 2009, the standards set forth by Rule 16 control. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." <u>See</u> Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." <u>Johnson</u>, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

4

1  Id. (citations omitted).

## ANALYSIS

It appears uncontroverted that Plaintiff had knowledge of the identity of the correctional officers involved in his care as early as December of 2009, when Rule 26 disclosures were provided that listed the officers. Plaintiff did not even informally request the documents reflected in those disclosures for some six months, and in July of 2010 received shift logs which should have further clarified the role of the various officers at issue. Nonetheless, despite being armed with this knowledge, Plaintiff instituted no formal discovery until nearly a year later at a point when discovery was slated to close in another two months. At that point, although Plaintiff's counsel states he had the information he needed to seek to amend the complaint, no motion was forthcoming until nearly three months later.

The above-enumerated circumstances simply do not demonstrate the diligence needed to qualify for relief until a Rule 16 standard. Although Plaintiff appears to claim that he has not missed any deadlines as set forth in the PTSO, both the case law set forth above and the terms of the PTSO itself (which permits no further amendment absent a showing of "good cause") point to the necessity of complying with a Rule 16 standard in this matter. As indicated above, "good cause" under Rule 16 amounts to whether the party seeking relief has been diligent. Absent a showing of diligence, the Court's inquiry under Rule 16(b) should end. <u>Johnson v. Mammoth</u>, 975 F.2d at 609.

Here, the timeline of events shows that Plaintiff's counsel delayed discovery that would have flushed out details as to the officers' respective involvements for more than a year and a half, from December of 2009, when Plaintiff had notice of the names of the implicated individuals, until July of 2011, when depositions were finally obtained.  Absent the requisite diligence, this Motion fails.

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 40) is accordingly DENIED.[3]

IT IS SO ORDERED.

Dated: April 20, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 230(g).

6